UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN AMMEN IV,<br>    Plaintiff,<br><br>v.<br><br>STERLING EQUIPMENT, LLC as owners of<br>The TUG LYNX and STERLING EQUIPMENT,<br>INC. as owners of the BARGE CAPE COD,<br>    Defendant. | Civil Action No. 14-12987<br><br>COMPLAINT |

## THE PARTIES

1. The plaintiff, John Ammen IV, resides in South Boston, Massachusetts and at all times hereinafter referred to, was serving as a member of the crew of the Tug LYNX.

2. The defendant, Sterling Equipment, LLC is a foreign limited liability company with a principal place of business located at 555 South Street, Quincy, Massachusetts and at all times hereinafter referred to, owned, operated and/or controlled the Tug LYNX which did business in the Commonwealth of Massachusetts and employed the plaintiff.

3. The defendant, Sterling Equipment, Inc. is a domestic profit corporation with a principal place of business located at 555 South Street, Quincy, Massachusetts and at all times hereinafter referred to, owned, operated and/or controlled the Barge CAPE COD which did business in the Commonwealth of Massachusetts and employed the plaintiff.

## JURISDICTION

4. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

## FACTUAL ALLEGATIONS

5. On or about June 23, 2012, the plaintiff was on the deck of the barge CAPE COD, which

was just off the coast of Cohasset, Massachusetts.

6. The Tug and Barge combination was traveling from Quincy, Massachusetts to Staten Island, New York.

7. A gale approached the vessels. The plaintiff was acting as a lookout while the Tug LYNX was transitioning to pulling the barge CAPE COD.

8. As the storm approached, the Captain told the plaintiff that there was not enough time to set-up the ladder between the vessels. The Captain informed the plaintiff thatto get back onto the tug, he would have to scale down the lines.

9. While looking for a good foot placement to get back on board, the line tightened and because of the movement of the vessels, Mr. Ammen's hand was crushed between the line and the tug.

**COUNT I**
JONES ACT
(Negligence)

10. Paragraphs 1-7 are realleged and incorporated herein.

11. The injuries sustained by the plaintiff were caused by the fault of the defendant, its agents, or servants as follows:

a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

b) Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

c) Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

d) Failure and negligence of fellow

        employees;

    e)    Failure and negligence in other respects that will be shown at the trial.

12. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

13. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act. 46 U.S.C App. § 30104.

### REQUEST FOR RELIEF

a)    Under Count I, that this court enters judgment in favor of the plaintiff against the defendant.

b)    For such other relief as this court deems appropriate.

### COUNT II
### GENERAL MARITIME LAW
(Unseaworthiness)

14. Paragraphs 1-11 are realleged and incorporated herein.

15. The injuries sustained by the plaintiff were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances and equipment.

16. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

17. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

REQUEST FOR RELIEF

a)   Under Count II, that this court enters judgment in favor of the plaintiff against the defendant.

b)   For such other relief as this court deems appropriate.

## COUNT III
### GENERAL MARITIME LAW
(Maintenance and Cure)

18.   Paragraphs 1-15 are realleged and incorporated herein.

19.   As a result of his injuries, the plaintiff has incurred expenses for his maintenance and cure and will continue to do so all to his damage.

REQUEST FOR RELIEF

a)   Under Count III, that this court enter judgment in favor of the plaintiff against the defendant.

b)   For such other relief as this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted
For Plaintiff,
John Ammen IV
By his attorney,

5

/s/ Brian Keane
Brian Keane, B.B.O. No. 656717
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
bkeane@kaplanbond.com